UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN ZAMLER,

    Plaintiff,

                                                        Case No. 14-14189

v.

                                                        HONORABLE DENISE PAGE HOOD

ASHTON TECHNOLOGIES, INC.,
and ASHTON AUTOMOTIVE
TESTING, INC., Jointly & Severally,

    Defendants.
_____/

**<u>ORDER GRANTING IN PART AND DENYING IN PART
EMERGENCY MOTION TO STAY AND ENJOIN COMPLIANCE
WITH DEFENDANTS' SUBPOENAS DATED JANUARY 5, 2016</u>**

In this religious and national origin discrimination and retaliation action, Defendants issued subpoenas duces tecum dated January 5, 2016, to Fifth Third Bank (seeking Plaintiff's personal bank records), Wonderland Marine West, Inc. (seeking records from plaintiff's new employer), the International Jet Sports Boating Association (seeking records of past work/employment), and the American Power Boat Association (seeking records of past employment/work), seeking production of documents at 10:00 a.m. on January 14, 2016. Defendants also issued a suboeana dated January 5, 2016, to Heath Williams, compelling Mr. Williams to appear for deposition at 10:00 a.m. on January 14, 2016.

On January 7, 2016, Plaintiff filed a motion to quash the above-described "subpoenas and/or for a protective order precluding enforcement of the subpoenas because, *inter alia*, the subpoenas were issued long after the close of the third and final period of discovery and are thus invalid, the subpoenas relate to a defense which the defendants never raised in this case, the subpoenas seek irrelevant information and are intended to merely harass [P]laintiff, and the subpoenas are grossly over-broad." (Doc. No. 29)

On January 11, 2016, Plaintiff filed an Emergency Motion to Stay and Enjoin Compliance regarding the above-described subpoenas ("Emergency Motion"). (Doc. No. 30) Defendants have filed a response. The Court, having concluded that the decision process would not be significantly aided by oral argument, orders that the motion be resolved on the motion and briefs submitted by the parties. E.D. Mich. L.R. 7.1(f)(2).

In filing the Emergency Motion, Plaintiff seeks "to prevent the subpoena recipients from producing the disputed records before the Court can rule on plaintiff's motion to quash." In his barebones brief, Plaintiff does not state why or how production of information by any of the subpoena recipients will harm or prejudice him. In their response, Defendants contend that Plaintiff's Emergency Motion should be denied for the following reasons:

(a) the underlying motion to quash lacks merit because the subpoenas were all issued as follow-up to Plaintiff's deposition that took place on December 22, 2015 (after the close of discovery) and are typical follow-up subpoenas in employment discrimination cases;

(b) the Emergency Motion is largely moot because Fifth Third Bank and Wonderland Marine West, Inc. have already produced documents in response to their respective subpoenas, and International Jet Sports Boating Association has advised Defendants' counsel (but not yet formally responded) that it does not have any responsive documents;

(c) Heath Williams has evaded service and not responded to Defendants' counsel's efforts to contact him;

(d) Plaintiff's counsel was present and objected to questions at Plaintiff's deposition regarding the third parties subpoenaed, should have concluded that the subpoenas at issue would be made, and could have moved to preclude the subpoenas; and

(e) Plaintiff's counsel has improperly interfered with at least two of the subpoena by contacting and telling the recipients, *ex parte*, that the subpoenas should not be complied with until the motion to quash is heard, which Defendants argue is a sanctionable action. Citing *Moses v. Am. Apparel Retail, Inc.*, 2015 U.S. Dist. LEXIS 103797 (W.D. Tenn. July 10, 2015); *Price v. TransUnion, LLC*, 847 F.Supp.2d 788, 794 (E.D. Pa. 2012); Michigan Rule of Professional Conduct 3.4(a).

Defendants do not indicate whether they have heard or received any communication or information from American Power Boat Association.

Having reviewed the parties' briefs, the Court concludes that the relief requested by Plaintiff in his Emergency Motion is not possible as it relates to any subpoena recipient that has already complied with the subpoena issued to it. The Court cannot undo compliance with those subpoenas. Furthermore, Plaintiff has not

alleged how he will be harmed or prejudiced by any of the subpoenaed being produced to, and in the possession of, Defendants' counsel (or the Defendants). The Court denies the Emergency Motion with respect to those subpoenas for which compliance has already occurred.

As it relates to any subpoena recipient that has not yet complied with the subpoena dated January 5, 2016 that it/he received, the Court concludes that the stay of compliance is warranted because Defendants will suffer no injury while waiting for the Court to determine whether the subpoenas should be quashed. *See, e.g., Harris v. United States*, 413 F.2d 314, 315 (9th Cir. 1969) (citing *Reisman v. Caplin*, 375 U.S. 440, 449 (1964)). The hearing on whether the subpoenas should be quashed is scheduled before Magistrate Judge David Grand on January 27, 2016. At that time, the merits of whether the subpoenas were properly issued, whether Plaintiff's counsel improperly interfered with the subpoenas, whether one or both parties should be fined or sanctioned as it relates to the subpoenas dated January 5, 2016, and any other related issues, can be addressed. The Court grants the Emergency Motion with respect to those subpoenas for which compliance has not yet occurred.

Accordingly, for the reasons set forth above, the Court **GRANTS IN PART**

**AND DENIES IN PART** Plaintiff's Emergency Motion to Stay and Enjoin Compliance (Doc. No. 30).

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

**Dated: January 15, 2016**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on January 15, 2016, by electronic and/or ordinary mail.**

        **S/LaShawn R. Saulsberry**
        **Case Manager**